UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN MACIAS, ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-1286 |
| ) | |
| ILLINIOS DEPARTMENT OF ) | |
| CORRECTIONS, et. al., ) | |
|   Defendants ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Illinois Department of Corrections, Director John Baldwin, former Director Salvador Godinez, Warden Melvin, Chad Brown, Wexford Health Sources, Inc., John Doe Defendant #1 (mental health director) and John Doe #2 (medical director) violated his constitutional rights at Pontiac Correctional Center. Plaintiff has divided his complaint into three claims.

Plaintiff first alleges the Defendants violated his Eighth Amendment rights based on the conditions of his confinement in Administrative Detention. Plaintiff says he suffered with excessive heat, no ventilation, a constant smell of human waste, a leaking

1

toilet, no hot water, lights on for 24 hours, mold in the shower, no cleaning supplies, dirty food trays, and an infestation of insects and rodents. Plaintiff says he often felt sick and itchy while living in the unit.

Plaintiff also makes reference to two additional issues in his living conditions claim that actually state separate allegations. For instance, Plaintiff says his legal mail was often opened outside of his presence and the law library system was inadequate.

Plaintiff's second claim is entitled intentional infliction of emotional distress, but Plaintiff instead makes several general claims concerning a denial of mental health care.

Plaintiff final claim alleges a due process violation based on his placement in administrative detention without a proper hearing.

There are several problems with Plaintiff's complaint. Plaintiff provides only general allegations without any specific time frames, factual basis, nor specific Defendants. For instance, Plaintiff has named individuals as Defendants because he wrote letters to them and they did not respond. However, the fact that Plaintiff sent a letter does not, by itself, impose liability on a Defendant, particularly a supervisor. *See Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir.2006) (letters to Director "insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters); *Catrabone v. Farley*, 1995 WL 646281, at *6 (N.D.Ind. Oct. 10, 1995)( plaintiff "cannot establish personal involvement and subject an official to liability under § 1983 based merely upon a ...letter writing campaign."); *Lieberman v. Budz*, 2010 WL 369614, at *4 (N.D.Ill.,2010) ("Plaintiff cannot establish

2

personal involvement on the part of Defendants based on letters he allegedly wrote notifying them about the misconduct.").

Instead, Plaintiff should name Defendants who were directly and personally involved in his allegations. For instance, if Plaintiff was denied mental health care, he must state when he requested mental health care or who specifically knew he need mental health care, when they knew, how they knew, and how they responded. Plaintiff should also state if he has a diagnosed condition. In addition, while Plaintiff has provided information concerning the conditions of his confinement, he has not provided the time frame, who he specifically spoke to about his cell and who refused to take any action.

Furthermore, if Plaintiff intends to state a claim based on opening his legal mail, he must allege specific instances when his legal mail was opened. If Plaintiff wishes to state a claim based on inadequate law library services, he must allege Defendants' conduct prejudiced a potentially meritorious lawsuit. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006). In other words, a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall,* 445 F.3d at 968.

It also appears Plaintiff is attempting to combine unrelated claims against different Defendants in one lawsuit. *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). For instance, if one

3

Defendant opened Plaintiff's legal mail, a different individual denied Plaintiff mental health care, and a third individual refused to give Plaintiff cleaning supplies, Plaintiff must not combine the unrelated claims and Defendants in one lawsuit. Instead, Plaintiff must file separate lawsuits and pay separate filing fees.

For all of the reasons stated, Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. However, the Court will give Plaintiff additional time to file an amended complaint in order to allow him to choose the claims he wishes to pursue in this lawsuit and provide the needed information about those claims. The proposed amended complaint must stand complete on its own and not make reference to Plaintiff's original complaint. For each allegation, Plaintiff must state when it occurred, who was involved, and a short description of the claim. Plaintiff must state each intended claim only one time to avoid confusion.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint clarifying his claims in compliance with this order within 21 days or on or before December 8, 2017. If Plaintiff fails to file his amended complaint by the December 8, 2017 deadline, his case will be dismissed with prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew when he clarifies his allegations. [5].

4) Plaintiff's motion for a status update is denied as moot. [7].

5) The Clerk is to reset the internal merit review deadline in 21 days.  The Clerk is also to provide Plaintiff with a blank complaint form to assist him.

ENTERED this 17th day of November, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE